IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE ZAMIAS, ESTATE OF MARIANNA ZAMIAS, DECEASED, DAMIAN ZAMIAS, individually and as co-executor of the Estate of Marianna Zamias, STEPHEN ZAMIAS, individually and as co-executor of the Estate of Marianna Zamias, ESTATE OF SAMUEL ZAMIAS, DECEASED, Kathleen Zamias, Executor, <br><br> Plaintiffs, <br><br> v. <br><br> FIFTH THIRD BANK, <br><br> Defendant. | Case No. 3:17-CV-00153 <br><br> JUDGE KIM R. GIBSON |

### INITIAL SCHEDULING ORDER

NOW, this 11th day of October 2017, IT IS HEREBY ORDERED that the above-captioned civil action is placed under Rule 16.1 of the Local Rules of the United States District Court for the Western District of Pennsylvania for pretrial proceedings and all provisions of the Rule will be strictly enforced.

IT IS FURTHER ORDERED that counsel shall confer with their clients prior to the Post-Discovery Status Conference, or any other status conference, in order to obtain authority for the purpose of participating in settlement negotiations to be conducted by the Court. Counsel are encouraged to appear with their principals at all such conferences, or instruct the principals to be available by telephone to facilitate the amicable resolution of all litigation.

IT IS FURTHER ORDERED that given the parties' agreement to stay discovery pending the resolution of Fifth Third Bank's motion to dismiss, if the Court denies the motion in total or in part, the parties will promptly submit an initial scheduling order to the Court

containing the dates and deadlines outlined in the parties' Rule 26(f) report for compliance with the provisions of Local Rule 16.1.

### [OR ALTERNATIVELY]

**IT IS FURTHER ORDERED** that compliance with the provisions of Local Rule 16.1 shall be completed as follows:

A. **Initial Case Management Plan**

1. The parties shall move to amend the pleadings or add new parties by within 14 days after the Court's decision on Fifth Third Bank's motion to dismiss.

2. The parties shall make the required disclosures identified in Rule 26(a)(1) on or before October 25, 2017.

   The parties are reminded that under the rule, a party shall make its initial disclosures based on the information then reasonably available, and is not excused from making its disclosures because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.

3. Modifications of the times for, and extent of, any disclosures under Fed. R. Civ. P. 26(a) and 26(e)(1) shall be made by within four months after the Court's decision on Fifth Third Bank's motion to dismiss.

4. The following limits on the scope of discovery shall apply:
   None beyond those provided in the Federal and Local Rules.

5. The parties shall complete all fact discovery by within six months after the Court's decision on Fifth Third Bank's motion to dismiss.

All interrogatories, notices of deposition, requests for admissions and requests for production shall be served within sufficient time to allow responses to be completed and filed prior to the close of discovery.

6. The parties shall complete all expert discovery by within twelve months after the Court's decision on Fifth Third Bank's motion to dismiss.

 The parties shall make their disclosure of experts required by Rule 26(a)(2) by within eight months following the Court's decision on Fifth Third Bank's motion to dismiss for Plaintiffs, and within eleven months following the Court's decision on Fifth Third Bank's motion to dismiss for Defendant.

 The depositions of all experts shall be completed by within nine months following the Court's decision on Fifth Third Bank's motion to dismiss for Plaintiffs' expert(s), and within eleven months following the Court's decision on Fifth Third Bank's motion to dismiss for Defendant's expert(s).

7. The parties shall designate this case for arbitration, mediation, appointment of a special master, or other special procedure, if appropriate, by within four months following the Court's decision on Fifth Third Bank's motion to dismiss.

8. A Post-Discovery Status Conference is scheduled for _to be scheduled after decision on motion to dismiss_.
**(Note: The Court will fill in this date after the IR 16 conference).**

 The parties shall be prepared to discuss settlement and the possibility of using a method of alternative dispute resolution. Seven days prior to the date of the Post Discovery Status Conference, counsel and unrepresented parties are jointly responsible for submitting to the Court a proposed Final Scheduling Order that includes: (1) dates by which dispositive motions should be filed and

responded to; (2) dates by which the parties' pretrial statements should be filed; (3) dates by which motions *in limine* should be filed and responded to; (4) dates by which *Daubert* motions should be filed and responded to; (5) dates on which argument on *Daubert* motions and motions in limine shall be heard; (6) a date for the final pretrial conference; and (7) trial dates. *See* Exhibit "B" of Judge Gibson's Practice and Procedures.

9. The parties shall file any dispositive motions that are appropriate prior to the close of discovery on or before within four months following the Court's decision on Fifth Third Bank's motion to dismiss.

    The nonmoving party's response to any such motion is due within 21 days following the filing of the motion.

    Deadlines for dispositive motions that are only appropriate after the close of discovery will be set at the Post-Discovery Status Conference. Failure to file a dispositive motion before the close of discovery will not act as a waiver of any right to file an appropriate motion after the close of discovery.

B. **Motion Practice**

(1) **Motions Not Requiring Briefs**

No brief is required by either movant or respondent unless otherwise directed by the Court with respect to the following motions:

    (a)    For extension of time for the performance of an act required or allowed to be done;

    (b)    To continue a Post-Discovery Status Conference;

    (c)    To amend the pleadings;

      **(d)**     To file supplemental pleadings;

      **(e)**     For a substitution of parties; and

      **(f)**     To compel discovery.

Any of the above-motions not requiring briefs shall be accompanied by a proposed order stating the relief requested by said motion. All other motions and responses thereto, must be accompanied by a brief. The Clerk shall not accept for filing any motion, application, or objection requiring a brief, which is not accompanied by such brief, without permission of the Court. Briefs in support of a motion and briefs in opposition to a motion shall be limited to twenty-five (25) pages excluding tables.

**C.**     **Procedure Governing Discovery Disputes**

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." A matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." *See* Fed. R. Evid. 401. In determining whether discovery is proportional to the needs of the case, courts must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Furthermore, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." *Id.* Although the right to discovery under the Federal Rules is broad, "this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999) (citation omitted). The scope of discovery once included

information that was "reasonably calculated" to lead to the discovery of admissible evidence, but Rule 26—by virtue of amendments which became effective December 1, 2015—no longer includes this language.

In the event a dispute arises over a discovery request, all counsel are required to confer in good faith in an effort to resolve the issue without court intervention. It shall be the obligation of the attorney for the party seeking court intervention to initiate such conferences and to do so promptly. Refusal to confer in good faith may subject counsel to sanctions, such as the imposition of costs, including the attorneys' fees of opposing counsel, under Fed. R. Civ. P. 37(a)(5).

In the event, however, that the parties to this action are unable to informally resolve a discovery dispute and court intervention is sought, the movant shall file a Motion to Compel Discovery (or Protective Order). Attached to the motion shall be a proposed Order of Court in which the moving party shall set forth, in specific detail, its proposal for completely resolving the discovery dispute. Within seven days after receipt of the motion, the respondent, either singularly or in conjunction, shall file a written response. Attached to the response shall be respondent's proposed Order of Court.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

cc: **All counsel of record**