## **MEMORANDUM IN SUPPORT**

On January 9, 2018, this Court granted Fifth Third's motion to dismiss Plaintiffs' complaint in part, dismissing a number of Plaintiffs' claims with prejudice, and dismissing a number of Plaintiffs' claims without prejudice a leave to amend. (Dkt. 26, Mem. Op., pp. 39-40.) Pursuant to this Court's Initial Scheduling Order, Plaintiffs therefore had 14 days after January 9—*i.e.* on or before January 23—in which to amend their complaint:

> 1. The parties shall move to amend the pleadings or add new parties by within 14 days after the Court's decision on Fifth Third Bank's motion to dismiss.

(Dkt. 21, Initial Scheduling Order, ¶A.1.) Because Plaintiffs did not amend, Fifth Third answered Plaintiffs' 120 paragraph complaint on January 23 pursuant to Rule 12(a)(4). (Dkt. 27.)

Then, on February 7—*i.e.* 15 days after the Court's deadline to amend—Plaintiffs filed the instant amended complaint. (Dkt. 28, FAC.) Not only did this filing violate the Court's scheduling order, but Plaintiffs also failed to seek consent or leave for the filing in violation of Federal Rule of Civil Procedure 15(a)(2). *See Simmons v. Simpson House, Inc.*, No. 15-06636, 2017 U.S. Dist. LEXIS 48720, *3 (E.D. Pa. March 30, 2017).

In light of Plaintiffs' violations of this Court's order and the Civil Rules, Fifth Third requests that the Court dismiss and/or strike Plaintiffs' amended complaint. *See id.* (striking amendments to complaint pursuant to Rule 12(f) because plaintiff violated Rule 15(a)(2) by not obtaining leave or consent before amending); *Pino v.*

*Carey*, No. 3:15-cv-1172, 2016 U.S. Dist. LEXIS 175893, *12 (M.D. Pa. Dec. 19, 2016) ("Pino has not sought leave of court to file this second amended complaint. Therefore, this filing is procedurally improper and leave to amend should be denied."); *Blount v. Folino*, NO. 10-697, 2011 U.S. Dist. LEXIS 65681, *42 (W.D. June 21, 2011) (striking claim in part because plaintiff did not seek leave to amend).

Alternatively, Fifth Third respectfully asks the Court for an opportunity to move to dismiss Plaintiffs' amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs have asserted claims that are legally deficient. For example, Plaintiffs alleged a breach of contract claim, but they have not even identified a contract term that was allegedly breached, and their claim represents an improper collateral attack on a bankruptcy court's order and the parties' prior settlement agreement. (Dkt. 28, ¶¶ 81-100.)

Dated: February 21, 2018

Respectfully submitted,

*/s/ Nathan L. Colvin*
Daren S. Garcia (Pa. ID No. 318099)
Meredith J. Caplan (Pa. ID No. 321167)
Vorys, Sater, Seymour and Pease LLP
500 Grant Street, Suite 4900
Pittsburgh, PA 15219-2502
Telephone: (412) 904-7717
Facsimile: (412) 904-7817
dsgarcia@vorys.com
mjcaplan@vorys.com

Nathaniel Lampley, Jr. (pro hac vice)
Nathan L. Colvin (pro hac vice)
Vorys, Sater, Seymour and Pease LLP
301 East Fourth Street
Great American Tower, Suite 3500
Cincinnati, Ohio 45202
Telephone: (513) 723-4000
Facsimile: (513) 852-8447
nlampley@vorys.com
nlcolvin@vorys.com

***Attorneys for Defendant Fifth Third Bank***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was filed electronically through the Court's CM/ECF System this February 21, 2018, which provide notification to all counsel and parties of record.

*/s/ Nathan L. Colvin*
Nathan L. Colvin