IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE ZAMIAS, ESTATE OF MARIANNA ZAMIAS, DECEASED, DAMIAN ZAMIAS, individually and as co-executor of the Estate of Marianna Zamias, STEPHEN ZAMIAS, individually and as co-executor of the Estate of Marianna Zamias, ESTATE OF SAMUEL ZAMIAS, DECEASED, Kathleen Zamias, Executor, <br><br>Plaintiffs, <br><br>v. <br><br>FIFTH THIRD BANK, <br><br>Defendant. | Case No. 3:17-cv-153 <br><br><br><br><br><br><br><br><br><br>JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION

### I. Introduction

Pending before the Court is a Motion to Strike the Amended Complaint (ECF No. 29) filed by Defendant Fifth Third Bank ("Fifth Third"). The motion has been fully briefed (*see* ECF Nos. 30, 31, 32) and is ripe for disposition. For the reasons that follow, the Court will **DENY** Fifth Third's motion.

### II. Relevant Background[1]

On June 26, 2017, Plaintiffs filed this action in the Court of Common Pleas of Cambria County, Pennsylvania. (*See* ECF No. 1-2.) Plaintiffs asserted six counts against Fifth Third: (1)

---

[1] The Court previously determined that diversity jurisdiction exists for the present matter and that venue is proper before this Court. *See Zamias v. Fifth Third Bank*, No. 3:17-CV-153, 2018 WL 355462, at *1 (W.D. Pa. Jan. 9, 2018) (Gibson, J.). Furthermore, the Court previously provided a detailed rendition of the factual allegations that underlie the present dispute. *Id.* Accordingly, the Court will not reiterate Plaintiffs' allegations here.

fraud; (2) tortious interference with contractual relations; (3) breach of duties of good faith and fair dealing; (4) accounting; (5) fraud in the inducement; and (6) predatory lending practices. (ECF No. 1-2 at 17-23.) Fifth Third removed the case to this Court on August 18, 2017. (ECF No. 1.)

On August 25, 2017, Fifth Third filed a Motion to Dismiss. (ECF No. 4.) On September 5, 2017, Plaintiffs filed a Motion to Remand Based on Abstention. (ECF No. 7.) Both motions were pending on October 11, 2017, when the Court held an Initial Rule 16 Conference with the parties. (ECF No. 20.) The same day, the Court entered the Initial Scheduling Order, which provided that the parties "shall move to amend the pleadings or add new parties . . . within 14 days after the Court's decision on Fifth Third Bank's motion to dismiss." (ECF No. 21 at 2.)

On January 9, 2018, the Court filed a Memorandum Opinion and Order denying Plaintiffs' Motion to Remand and granting in part, and denying in part, Fifth Third's Motion to Dismiss. (ECF No. 26.) The Court denied Fifth Third's Motion to Dismiss Plaintiffs' tortious interference claim (Count 2) in regards to the allegations that were not barred by the statute of limitations. (*Id.* at 40.) The Court granted Fifth Third's Motion to Dismiss Plaintiffs' fraud claim (Count 1), fraudulent inducement claim (Count 5), equitable accounting claim (Count 4), and predatory lending claim (Count 6), which were dismissed with prejudice. (*Id.*) The Court granted Fifth Third's Motion to Dismiss Plaintiffs' claims of breach of the covenant of good faith and fair dealing (Count 3) and legal accounting (Count 4), but granted Plaintiffs leave to amend these claims. (*Id.*) The Court also granted Plaintiffs leave to amend to plead a breach of contract claim, and informed Plaintiffs that, under Pennsylvania law, claims for breach of the implied covenant of good faith and fair dealing and legal accounting must be accompanied by a breach of contract claim. (*Id.* at 38.)

2

Pursuant to the Initial Scheduling Order, Plaintiffs had until January 23, 2018, to file an Amended Complaint. (*See* ECF No. 21 at 2.) Plaintiffs did not file an Amended Complaint by the deadline.

On January 23, 2018, Fifth Third filed a 120-paragraph Answer to Plaintiffs' Complaint. (ECF No. 27.)

Plaintiffs filed an Amended Complaint on February 7, 2018. (ECF No. 28.) Plaintiffs filed their Amended Complaint 16 days after the deadline for filing an Amended Complaint had passed, 16 days after Fifth Third filed its Answer, and without asking this Court for leave to file or leave to amend the Initial Scheduling Order previously entered in this case.

Subsequently, Fifth Third filed the pending Motion to Strike the Amended Complaint and an accompanying Memorandum in Support. (ECF Nos. 29, 30.) Plaintiffs filed a Response to Fifth Third's motion and a Brief in Opposition. (ECF Nos. 31 and 32.)

### III. Legal Standard

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15. *See* Fed. R. Civ. P. 15. But, as this Court recently stated, "when a party seeks leave to amend the pleadings after the deadline set by a court's scheduling order, that party must first satisfy Rule 16(b)(4)'s requirements for modifying a scheduling order." *Hadeed v. Advanced Vascular Res. of Johnstown, LLC*, No. 3:15-CV-22, 2017 WL 4286343, at *2 (W.D. Pa. Sept. 26, 2017) (citing *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 118 (W.D. Pa. 2010) (citing cases)); *Abed-Rabuh v. Hoobrajh*, No. 3:17-CV-15, 2018 WL 300453, at *2 (W.D. Pa. Jan. 4, 2018) (Gibson, J.)

3

## IV. Discussion

Fifth Third asks this Court to strike Plaintiffs' Amended Complaint for failing to comply with the Court's Initial Scheduling Order. (ECF No. 30 at 1.) The Court notes that Fifth Third does not argue that it would be prejudiced were the Court to deny its Motion to Strike. (*See, generally, id.*) Rather, Fifth Third argues that the fact that Plaintiffs missed the deadline to amend the pleadings justifies this Court's striking Plaintiffs' Amended Complaint. (*Id.*) In response, Plaintiffs offer one explanation for their failure to comply with this Court's Initial Scheduling Order—Plaintiff's lead counsel "inadvertently failed to calendar the due date for filing the Amended Complaint." (ECF No. 32 at 2.[2])

### A. Rule 16 Analysis

Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16. As this Court recently noted, "[i]n the Rule 16(b)(4) context, 'good cause' looks to the diligence of the party seeking modification of the scheduling order." *Hadeed*, 2017 WL 4286343, at *2 (quoting *Graham*, 271 F.R.D. at 119) (citation omitted); *Hoobrajh*, 2018 WL 300453, at *2; *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010) ("'Good cause' under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order.") "The moving party has the burden to demonstrate 'good cause' under Rule 16(b)(4) before a court will consider amending under Rule 15." *Hadeed*, 2017 WL 4286343, at *2 (internal citation omitted); *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 118 (W.D. Pa. 2010) (Fischer, J.).

---

[2] Plaintiffs' Brief in Opposition to Fifth Third's Motion to Strike does not contain page numbers. The Court inserted its own page numbers beginning with "1" on the first page.

4

"Good cause may be because of 'any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'" *Combined Ins. Co. of Am. v. Bastian*, No. 09-CV-111, 2009 WL 5111794, at *1 (M.D. Pa. Dec. 17, 2009) (quoting *Phillips v. Greben*, 2006 U.S. Dist. LEXIS 78419, *16, 2006 WL 3069475 (D. N.J. October 27, 2006)); *257 Elizabeth Ave., LLC v. Cont'l Cas. Co.*, No. CV124091ESJAD, 2016 WL 452311, at *4 (D. N.J. Feb. 5, 2016) ("Under some circumstances, good cause may be found based on a mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the [s]cheduling [o]rder.") (internal citations and quotation marks omitted).

The Court is not particularly sympathetic to Plaintiffs' oversight.[3] But the Court recognizes that mistakes happen. Accordingly, the Court will exercise its discretion to find that Plaintiffs' inadvertent mistake constitutes good cause given the unique circumstances of this case.

### B. Rule 15 Analysis

According to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave."[4] Fed. R. Civ. P. 15. Rule 15 further instructs that "[t]he court should freely give leave when justice so requires." *Id.* Accordingly, "the District

---

[3] The Court further notes that the briefs filed by Fifth Third and Plaintiffs are unhelpful in resolving the present dispute. Neither brief cites Rule 16, the Rule which governs the first step of the analysis for amending pleadings after the expiration of the date to do so as set forth in the Court's Initial Scheduling Order. The parties apparently fail to recognize that before proceeding to Rule 15 (and its liberal standard for amending pleadings), Plaintiffs must demonstrate "good cause" and satisfy Rule 16. Plaintiffs' failure to argue that they satisfied Rule 16 is particularly concerning given that Plaintiffs bear the burden of establishing that their failure to follow the Initial Scheduling Order was justified by "good cause." The Court reminds both parties that it is their obligation to perform adequate research of issues pending before the Court. The Court expects that both parties will read the applicable Federal Rules and conduct adequate legal research prior to filing future motions before this Court.

[4] Fifth Third opposes Plaintiffs' Amended Complaint.

5

Court's discretion, circumscribed by Rule 15's directive in favor of amendment, must be exercised within the context of liberal pleading rules." *Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017) (internal citations and quotation marks omitted). But, as this Court recently stated, "denial of a motion to amend may be appropriate if the party's delay in moving to amend 'is undue, motivated by bad faith, or prejudicial to the opposing party.'" *Hadeed*, 2017 WL 4286343, at *2 (quoting *Langbord v. U.S. Dep't of Treasury*, 832 F.3d 170, 188 (3d Cir. 2016)). "While the undue delay and bad faith factors focus on the movant's motives for not seeking leave to amend earlier, the prejudice factor focuses on the effects allowing amendment would have on the non-movant." *Hadeed*, 2017 WL 4286343 (citing *Langbord*, 832 F.3d at 188) (internal citations omitted).

The Court will allow Plaintiffs to file an Amended Complaint. The Court finds that Plaintiffs' failure to comply with the Initial Scheduling Order was not motivated by bad faith. Moreover, the Court finds that the 16-day delay in filing the Amended Complaint is not undue. Furthermore, there is no evidence that Fifth Third will suffer prejudice if the Court grants Plaintiffs leave to amend; as noted above, Fifth Third did not even argue that it would suffer prejudice were the Court to deny its Motion to Strike. Finally, the interests of justice favor granting Plaintiffs leave to amend; justice would not be served by penalizing Plaintiffs because of their attorney's oversight. Therefore, the Court finds that Plaintiffs have satisfied the lenient requirements for amendment under Rule 15(a)(2).

## V. Conclusion

For the foregoing reasons, the Court will grant Plaintiffs leave to file an Amended Complaint. An appropriate order follows.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE ZAMIAS, ESTATE OF MARIANNA ZAMIAS, individually and as co-executor of the Estate of Marianna Zamias, STEPHEN ZAMIAS, individually and as co-executor of the Estate of Marianna Zamias, ESTATE OF SAMUEL ZAMIAS, DECEASED, Kathleen Zamias, Executor,<br><br>Plaintiffs,<br><br>v.<br><br>FIFTH THIRD BANK,<br><br>Defendant. | Case No. 3:17-cv-153<br><br>JUDGE KIM R. GIBSON |

## ORDER

AND NOW, this **27th** day of March, 2018, in consideration of Fifth Third's Motion to Strike Plaintiffs' Amended Complaint (ECF No. 29), **IT IS HEREBY ORDERED** as follows:

1. Fifth Third's Motion to Strike Plaintiffs' Amended Complaint (ECF No. 29) is **DENIED.**

2. Because Plaintiffs' Amended Complaint is already on the docket (ECF No. 28), Plaintiffs are neither required, nor permitted, to re-file it or to file an second amended complaint. The Amended Complaint at ECF No. 28 is the operative complaint going forward in this case.

3. Fifth Third shall have **14 days** from the date of this Order to file a responsive pleading to the Amended Complaint.

BY THE COURT:

/s/ Kim R. Gibson

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE