IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE ZAMIAS, ESTATE OF MARIANNA ZAMIAS, DECEASED, DAMIAN ZAMIAS, individually and as co-executor of the Estate of Marianna Zamias, STEPHEN ZAMIAS, individually and as co-executor of the Estate of Marianna Zamias, ESTATE OF SAMUEL ZAMIAS, DECEASED, Kathleen Zamias, Executor, <br><br> Plaintiffs, <br><br> v. <br><br> FIFTH THIRD BANK, <br><br> Defendant. | Case No. 3:17-cv-153 <br><br><br><br><br><br><br><br><br> JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION

### I.  Introduction

Pending before the Court is Plaintiffs' Motion for Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(2) (ECF No. 38). The Motion has been fully briefed (*see* ECF Nos. 38, 39) and is ripe for disposition. For the reasons that follow, the Court will **DENY** Plaintiffs' Motion.

### II.  Relevant Background[1]

On June 26, 2017, Plaintiffs filed this action in the Court of Common Pleas of Cambria County, Pennsylvania. (*See* ECF No. 1-2.) Plaintiffs asserted six counts against Fifth Third: (1) fraud; (2) tortious interference with contractual relations; (3) breach of duties of good faith and

---

[1] The Court previously determined that diversity jurisdiction exists for the present matter and that venue is proper before this Court. *See Zamias v. Fifth Third Bank*, No. 3:17-CV-153, 2018 WL 355462, at *1 (W.D. Pa. Jan. 9, 2018) (Gibson, J.). Furthermore, the Court previously provided a detailed rendition of the factual allegations that underlie the present dispute. *Id.* Accordingly, the Court will not reiterate Plaintiffs' allegations here.

fair dealing; (4) accounting; (5) fraud in the inducement; and (6) predatory lending practices. (ECF No. 1-2 at 17-23.) Fifth Third removed the case to this Court on August 18, 2017. (ECF No. 1.)

On August 25, 2017, Fifth Third filed a Motion to Dismiss. (ECF No. 4.) On September 5, 2017, Plaintiffs filed a Motion to Remand Based on Abstention. (ECF No. 7.)

On January 9, 2018, the Court filed a Memorandum Opinion and Order denying Plaintiffs' Motion to Remand and granting in part, and denying in part, Fifth Third's Motion to Dismiss. (ECF No. 26.) The Court denied Fifth Third's Motion to Dismiss Plaintiffs' tortious interference claim (Count 2) in regards to the allegations that were not barred by the statute of limitations. (*Id.* at 40.) The Court granted Fifth Third's Motion to Dismiss Plaintiffs' fraud claim (Count 1), fraudulent inducement claim (Count 5), equitable accounting claim (Count 4), and predatory lending claim (Count 6), which were dismissed with prejudice. (*Id.*) The Court granted Fifth Third's Motion to Dismiss Plaintiffs' claims of breach of the covenant of good faith and fair dealing (Count 3) and legal accounting (Count 4), but granted Plaintiffs leave to amend these claims. (*Id.*) The Court also granted Plaintiffs leave to amend to plead a breach of contract claim, and informed Plaintiffs that, under Pennsylvania law, claims for breach of the implied covenant of good faith and fair dealing and legal accounting must be accompanied by a breach of contract claim. (*Id.* at 38.)

Plaintiffs filed a three-count Amended Complaint on February 7, 2018, asserting claims of breach of contract, legal accounting, and tortious interference with contractual relations (ECF No. 28.) Plaintiffs filed their Amended Complaint 16 days after the deadline for filing an Amended Complaint had passed. Fifth Third filed a Motion to Strike the Amended Complaint. (ECF No. 29.) The Court denied Fifth Third's Motion to Strike. (ECF No. 34.)

2

After the Court denied Fifth Third's Motion to Strike, Fifth Third filed an Answer to the Amended Complaint (ECF No. 35) and a Motion for Judgment on the Pleadings. (ECF No. 36.) Plaintiffs never responded to Fifth Third's Motion for Judgment on the Pleadings. Instead, Plaintiffs filed the pending Motion for Voluntary Dismissal.[2] (ECF No. 38.) Fifth Third argues that the Court should deny Plaintiffs' Motion for Voluntary Dismissal and instead rule on the merits of Fifth Third's Motion for Judgment on the Pleadings. (*See* ECF No. 39.)

## III. Discussion

Plaintiffs argue that the Court should grant its Motion for Voluntary Dismissal because the claims that they assert here are duplicates of claims already pending in state court litigation between Plaintiffs and Fifth Third. (ECF No. 38 at 3.) Plaintiffs further assert that the Court should grant their Motion for Voluntary Dismissal because the case is in the early stages and discovery has not yet taken place.[3] (*Id.* at 3.)

In response, Fifth Third asserts that the Court should deny Plaintiffs' Motion because Plaintiffs are attempting to frustrate the purpose of the removal statute and evade a forthcoming ruling on the merits of Fifth Third's Motion for Judgment on the Pleadings. (ECF No. 39 at 4-7.) Fifth Third also states that the state court litigation is not analogous because Plaintiffs have not

---

[2] The Court construes Plaintiffs' Motion as requesting dismissal without prejudice.
[3] The Court notes that, according to the Initial Scheduling Order (ECF No. 17), fact discovery should have concluded on June 9, 2018. The Initial Scheduling Order states that "[t]he parties shall complete all fact discovery within six months after the Court's decision on Fifth Third Bank's motion to dismiss." (ECF No. 17 at 2.) The Court decided Fifth Third's motion to dismiss on January 9, 2018. (*See* ECF No. 26.) Accordingly, fact discovery should have closed on June 9, 2018.

3

brought any affirmative claims in the state court proceedings nor asserted any claims for damages.[4] (*Id.* at 9.)

Federal Rule of Civil Procedure 41(a) governs voluntary dismissals. If the opposing party has filed an answer—as Fifth Third did here (*see* ECF No. 35)—the "action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

"A voluntary dismissal without prejudice is not a matter of right." *Cottingham v. Tutor Perini Bldg. Corp.*, No. CV 14-2793, 2016 WL 54916, at *2 (E.D. Pa. Jan. 5, 2016) (quoting *Connor v. Corporate Life Consultants*, No. 06-2831, 2006 WL 2828865, at *1 (E.D. Pa. Sept. 29, 2006)). "The grant or denial of a motion for voluntary dismissal under Rule 41(a)(2) lies within the sound discretion of the district court." *Hayden v. Westfield Ins. Co.*, No. CIV.A. 12-0390, 2013 WL 5781121, at *2 (W.D. Pa. Oct. 25, 2013), *aff'd*, 586 F. App'x 835 (3d Cir. 2014) (Hornak, J.) (quoting *Dodge–Regupol, Inc. v. RB Rubber Products, Inc.*, 585 F. Supp. 2d 645, 652 (M.D. Pa. Nov. 12, 2008)). "The purpose of the grant of discretion under Rule 41(a)(2) . . . is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Dodge*, 585 F. Supp. 2d at 652 (quoting Charles A. Wright & Arthur R. Miller ("Wright & Miller"), 9 Fed. Prac. & Proc. Civ.2d § 2364 n. 19).

A court should grant a motion for voluntary dismissal "unless the defendant will suffer some plain legal prejudice." *Hayden*, 2013 WL 5781121, at *2 (quoting *Citizens Sav. Ass'n v. Franciscus*, 120 F.R.D. 22, 24 (M.D. Pa. Jan. 22, 1988)). "In ruling on a Rule 41(a)(2) motion to

---

[4] The Court merely notes the existence of this factual dispute regarding the status of the state court litigation. The Court need not, and does not, resolve the factual dispute here.

4

dismiss, a court must 'weigh the prejudice to the defendant, both in terms of legal prejudice and litigation expense.'" *Hayden*, 2013 WL 5781121, at *2 (quoting *Schandelmeier v. Otis Div. of Baker-Material Handling Corp.*, 143 F.R.D. 102, 102 (W.D. Pa. Sep. 22, 1992)). In evaluating the prejudice to the defendant, the Court should consider: "(1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the motion to dismiss and explanation thereof; and (5) the pendency of a dispositive motion by the nonmoving party in deciding the motion." *Maxim Crane Works, LP v. Smith Transp. Servs., Inc.*, No. CV 15-597, 2016 WL 3958739, at *2 (W.D. Pa. July 22, 2016) (citing *Bezarez v. Pierce*, 107 F. Supp. 3d 408, 415 (D. Del., May 29, 2015)); *Hayden*, 2013 WL 5781121, at *2 (citing *Schandelmeier*, 143 F.R.D. at 102) (articulating same five-factor test). The Court may also consider "whether the dismissal is designed to evade federal jurisdiction and frustrate the removal statute's purpose." *Cottingham*, 2016 WL 54916, at *2 (citing *Peltz v. Sears, Roebuck & Co.*, 367 F. Supp. 2d 711, 715-16 (E.D. Pa. Mar. 8, 2005)); *Young v. Johnson & Johnson Corp.*, No. CIV.A.05-2393, 2005 WL 2886218, at *3 (E.D. Pa. Nov. 2, 2005) (quoting *Peltz*, 367 F. Supp. 2d at 715).

After considering these factors, the Court exercises its discretion to deny Plaintiffs' request for voluntary dismissal without prejudice. Plaintiffs filed their Motion for Voluntary Dismissal nearly one year after filing their Complaint against Fifth Third in state court (*see* ECF No. 1-2 at 25) and ten months after Fifth Third removed the case to this Court. (*See* ECF No. 1.) The Court finds that Plaintiffs failed to act promptly and diligently in filing their Motion for Voluntary Dismissal. In fact, Plaintiffs only moved for voluntary dismissal after Fifth Third filed its Motion

5

for Judgment on the Pleadings—a dispositive motion which remains pending—which further weighs against permitting voluntary dismissal here.

Furthermore, the case has progressed significantly. The parties have engaged in extensive motions practice; Plaintiffs filed a Motion to Remand (ECF No. 4), which the Court denied (*see* ECF No. 26); Fifth Third filed a Motion to Dismiss under Rule 12(b)(6) (ECF No. 7), which the Court granted in part and denied in part (*see* ECF No. 26); Fifth Third filed a Motion to Strike Plaintiffs' Amended Complaint (ECF No. 29), which the Court denied (ECF No. 34); Fifth Third filed an Answer to the Amended Complaint (ECF No. 35); and Fifth Third filed a Motion for Judgment on the Pleadings, which is still pending (ECF No. 36). Since Fifth Third removed the case to this Court, the case has progressed substantially and the parties have expended significant resources litigating this matter. This further weighs against granting Plaintiffs' Motion for Voluntary Dismissal. Moreover, allowing Plaintiffs to voluntarily dismiss their pending claims at this juncture would unfairly prejudice Fifth Third because of its outstanding Motion for Judgment on the Pleadings.

Finally, Plaintiffs' justification for moving for voluntary dismissal is unpersuasive. Plaintiffs claim merely that "[a]ll of the claims which the [Plaintiffs] have asserted in the Amended Complaint are already pending in the [state litigation]." (ECF No. 38 at 3.) If this is the case then why, as Fifth Third points out in its Brief, would Plaintiffs file their Amended Complaint before the Court in the first place? And even if Plaintiffs' representation of the state court litigation is accurate, Plaintiffs' attempt to dismiss the federal action after the Court denied Plaintiffs' Motion to Remand suggests that Plaintiffs seek to "evade federal jurisdiction and frustrate the

removal statute's purpose," which further weighs against the Court exercising its discretion. *Cottingham*, 2016 WL 54916, at *2.

In sum, the Court concludes that Plaintiff failed to persuade the Court to exercise its discretion under Rule 41(a)(2). Accordingly, the Court **DENIES** Plaintiffs' Motion for Voluntary Dismissal (ECF No. 38). An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE ZAMIAS, ESTATE OF MARIANNA ZAMIAS, individually and as co-executor of the Estate of Marianna Zamias, STEPHEN ZAMIAS, individually and as co-executor of the Estate of Marianna Zamias, ESTATE OF SAMUEL ZAMIAS, DECEASED, Kathleen Zamias, Executor, <br><br> Plaintiffs, <br><br> v. <br><br> FIFTH THIRD BANK, <br><br> Defendant. | Case No. 3:17-cv-153 <br><br><br><br><br><br><br><br> JUDGE KIM R. GIBSON |

## ORDER

AND NOW, this \_\_\_21st\_\_\_ day of June, 2018, in consideration of Plaintiffs' Motion for Voluntary Dismissal (ECF No. 38), and in accordance with the accompanying memorandum opinion, **IT IS HEREBY ORDERED** as follows:

1. Plaintiffs' Motion for Voluntary Dismissal (ECF No. 38) is **DENIED**.
2. The Court notes that Plaintiffs never filed a response to Fifth Third's Motion for Judgment on the Pleadings and instead opted to file their Motion for Voluntary Dismissal in lieu of a response. In fairness to Plaintiffs, Plaintiffs shall have **fourteen days** from the date of this Memorandum Opinion to file a responsive brief to Fifth Third's Motion for Judgment on the Pleadings.
3. If Plaintiffs do not file a responsive brief in fourteen days, the Court will consider Fifth Third's Motion for Judgment on the Pleadings unopposed.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE